**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JARRAID ROGERS, ID # 1847726,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | No. 3:15-CV-3328-D (BH) |
| | ) | |
| **LORIE DAVIS, Director,** | ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** as barred by the statute of limitations.

**I.  BACKGROUND**

Jarraid Rogers (Petitioner) challenges his conviction for aggravated robbery. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

**A.**  **Procedural History**

On August 1, 2012, the State indicted Petitioner under the name *Jarriad* Rogers for aggravated robbery in Cause No. F12-57725. (Doc. 17-3 at 59.)[1] On March 22, 2013, he pleaded guilty under a plea agreement and was convicted in Criminal District Court No. 6 of Dallas County, Texas, and he was sentenced to 25 years' imprisonment. (*Id.* at 64.) He did not appeal. (Doc. 3 at 3); *see* www.txcourts.gov (search for Petitioner).

Petitioner's state habeas application was signed on June 10, 2013, and received by the state

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

court on June 21, 2013.  (Doc. 17-3 at 5, 16.)  The state habeas application was denied without

written order on the findings of the trial court without a hearing on October 8, 2014.  (Doc. 17-1);

*see Ex parte Rogers*, WR-81,948-01 (Tex. Crim. App. Oct. 8, 2014).

**B.    <u>Substantive Claims</u>**

Petitioner's federal petition, which he placed in the prison mail system on October 2, 2015,

raises the following grounds:

1.    Counsel was ineffective because she

(a) failed to properly represent him;

(b) gave him erroneous advice;

(c) said she had a working relationship with the district attorney; and

(c) failed to inform about the robbery.

2.    He was denied due process because counsel convinced him to plead guilty to the robbery of a store, but he was convicted of another robbery;

3.    He received cruel and unusual punishment because counsel had him plea to a robbery that had been dismissed and because the indictment was void for naming the incorrect complainant.

(*See* doc. 3 at 6-7.)  Respondent filed a response on May 20, 2016 (doc. 18), asserting that the

petition is barred by the statute of limitations.[2]

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for

habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

---

[2]  Respondent also argues that some of Petitioner's grounds are unexhausted.  Because the petition is time-barred, it is unnecessary to reach the exhaustion argument.

Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

## A.    Calculation of One-Year Period

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See id. § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's claims either became known or could have become known prior to the date his judgment became final.[3] Because Petitioner did not appeal the March 22, 2013 judgment, it became final thirty days later, on April 21, 2013. See Tex. R. App. P. 26.2(a) (1) (stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order"). Accordingly, he had until April 21, 2014, to file his federal habeas petition absent any tolling of the

---

[3] He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

3

statute of limitations.

**B.      Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

*shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2)

(emphasis added).  Petitioner's state habeas application was signed and deemed mailed on June 10,

2013.  *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (pro se prisoner's state habeas

application is constructively filed for purposes of AEDPA when the prisoner delivers the papers to

prison authorities for mailing to the district court).  The limitations period was tolled for 486 days

while that application was pending, so the § 2254 petition due no later than August 20, 2015.

Petitioner filed his § 2254 petition on October 2, 2015, the date that it was mailed.[2]  It is therefore

untimely.

**C.      Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate

exceptional circumstances, be equitably tolled.  *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v.

Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir.

2000) (only "rare and exceptional circumstances" warrant equitable tolling).   "The doctrine of

equitable tolling preserves a [party's] claims when strict application of the statute of limitations

would be inequitable."  *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298

(5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party]

about the cause of action or is prevented in some extraordinary way from asserting his rights."

---

[2]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings
when they place them in the prison mail system).

*Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).   A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).   He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).   Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).   The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted.   *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier.   He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations.

**D.**    **Actual Innocence**

In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928-31 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar.   A tenable actual innocence claim must persuade a district court that, in light of the new evidence, it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence.   *Id*. at 1928, 1935.   The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered.   *Id*. at 1935-36.

To the extent that Petitioner's claim that he was convicted of the incorrect robbery can be construed as a claim of actual innocence, he is not entitled to equitable tolling. His factual assertions are based on evidence that was available when he pled guilty, not new evidence.

Additionally, he has presented police reports indicating that he committed three robberies, including a robbery of Steven Grimes on July 7, 2012. (*See* doc. 3 at 23-24.) The indictment alleged that he committed an aggravated robbery of Steven Grimes on July 7, 2012 (*see* doc. 17-3 at 59), and he judicially confessed to committing an aggravated robbery of Steven Grimes on July 7, 2012 (*see id.* at 63). He has not shown that he is actually innocent of that aggravated robbery of which he was convicted, and he is not entitled to equitable tolling on that basis.

## IV.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 18th day of September, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7